UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| SANDRA K. ONSTEAD, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MICHAEL J. ASTRUE, Commissioner )<br>of Social Security, )<br>)<br>Defendant. )<br>_____ ) | 3:06-cv-00176 JWS<br><br>ORDER Re: Attorney's Fees<br>Docket 36 |

Plaintiff's counsel, having achieved a favorable result from this Court in the form of a remand for award of benefits, has moved this Court for an award of attorney's fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d).[1] Defendant has filed a partial opposition to counsel's request for attorney's fees under the EAJA, arguing that the amount of hours claimed by counsel is excessive.[2]

The Court may award fees to a prevailing claimant under the EAJA only where the Government's position was not "substantially justified."[3] Here, counsel requests EAJA fees in the amount of $12,610.22. This sum is based on the rate of $156.79 per hour for 32.2 attorney hours in 2006, $161.84 per hour for 29.4 attorney hours in 2007, and for 3.5 hours in 2008. The total also includes 24.4 paralegal hours billed at $95.00 per hour. The calculations are based on the maximum hourly rate of $125, as allowed

---

[1] Docket 36.

[2] Docket 42.

[3] 28 U.S.C. §2412(d)(1)(A).

by the EAJA, with corresponding adjustments made with respect to the cost of living increases, as permitted by the EAJA.[4]

The Government does not object to an award of EAJA fees on the grounds of substantial justification. It does, however, object to the amount requested. The Government argues that 65.1 attorney hours and 24.4 paralegal hours, for a combined total of 89.5 hours, is an unreasonably large number. It argues: "Plaintiff's case was fairly routine; it dealt with issues regularly litigated in Social Security cases."[5] The Commissioner suggests that 30-40 hours of attorney's fees would be more appropriate in a case such as this.[6] The Commissioner does not dispute the cost of living adjustment calculations.

In response, Plaintiff's counsel argues she spent 41.6 hours to obtain a judgment remanding for further proceedings, and the additional hours were spent obtaining the amended judgment which awarded benefits. Furthermore, paralegals were used at a lower hourly rate to save fees. Indeed, the court notes that additional briefing was required in this matter after the entry of the original judgment.[7]

Accordingly, the court finds the number of attorney's hours requested is reasonable and were necessarily incurred, as were the paralegal hours. Plaintiff's Motion for Attorney's Fees under the EAJA is **GRANTED**. Attorney's fees are awarded in the amount of $12,610.22. **IT IS SO ORDERED**.

DATED this 13th day of May 2008.

/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

---

[4] 28 U.S.C. § 2412(d)(2)(A).

[5] Docket 42.

[6] Docket 42 (citing *Oklahoma Aerotronics v. U.S.*, 943 F.2d 1344, 1347 (D.C. Cir. 1991); *Chandler v. Secretary*, 792 F.2d 70, 73 (6th Cir. 1986); *Spruil v. Bowen*, 691 F.Supp. 302, 306-07 (M.D.Fla. 1988); *Silva v. Bowen*, 658 F.Supp. 72 (E.D.Pa. 1987); and *Patterson v. Apfel*, 99 F. Supp.2d 1212 (C.D. Cal. 2000)).

[7] *See* Docket nos. 26 through 34.